NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ARTHUR SHERIDAN, an individual, and
BARBARA SHERIDAN, an individual,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

v.

SIRIUS XM RADIO, INC., a Delaware
corporation, and PANDORA MEDIA, INC.,
a Delaware corporation,

                Defendants.

**OPINION**

Civ. No. 15-cv-7576 (WHW)(CLW)

---

**Walls, Senior District Judge**

In this putative class action, the owners of sound recordings made before 1972 bring New Jersey copyright infringement and unjust enrichment claims against Sirius XM Radio and Pandora Media for broadcasting their recordings without authorization. Defendants move to stay this case pending the resolution of three similar actions by the United States Courts of Appeals for the Second, Ninth, and Eleventh Circuits. This case is related to another case Plaintiffs filed in this Court against defendant iHeartMedia, Inc. *See Sheridan v. iHeartMedia, Inc.*, 15-cv-7574 (D.N.J. filed Oct. 19, 2015). iHeartMedia has also requested a stay pending the Second, Ninth, and Eleventh Circuits' resolution of these issues, and the Court granted that stay for substantially the same reasons as it now grants Defendants' motion.

**BACKGROUND**

Plaintiffs Arthur and Barbara Sheridan own the intellectual property and contract rights to the master sound recordings of various doo-wop, jazz, and rhythm and blues songs that were

published in the 1950s and 1960s. ECF No. 1 ¶¶ 11-16. They are citizens of Illinois. *Id.* ¶¶ 11-12. They allege, individually and on behalf of a proposed class, that Defendants have violated their rights under New Jersey law by broadcasting these recordings over the internet and on satellite radio. *Id.* ¶ 2. The federal Copyright Act governs the process of licensing and receiving royalties for sound recordings of public performances created after February 15, 1972, *id.* ¶ 21 (citing 17 U.S.C. §§ 112(e), 114(d)(2), (f), (g)(2)), but this statutory system does not extend any copyright protections to the owners of pre-1972 recordings. *Id.*; *see also* 17 U.S.C. § 301(c). Federal law preempts state common law protections for post-1972 copyrighted works, but, according to Plaintiffs, it does not limit state common law or statutory causes of action relating to pre-1972 recordings. *Id.* ¶ 4; 17 U.S.C. § 301(a), (c). Plaintiffs allege that New Jersey common law protects their recordings from being copied or distributed without license or authorization. *Id.* ¶ 24.

SiriusXM Radio, Inc. is a Delaware corporation with its principal place of business in New York. *Id.* ¶ 14. Pandora Media, Inc. is a Delaware corporation with its principal place of business in California. *Id.* ¶ 13. Subscribers to Sirius have access to more than 1,000 channels, some of which exclusively play pre-1972 recordings, including some of those owned by the Sheridans. *Id.* ¶¶ 26-30. As part of its broadcasting process, Plaintiffs allege that Sirius reproduces these recordings "for purposes of archiving, advertising, buffering, [and] streaming." *Id.* ¶ 32. Plaintiffs also allege that Sirius subscribers can "download and replay tracks that have been performed on a particular channel." *Id.* ¶ 28. Pandora broadcasts music over the internet in the form of customizable "stations." *Id.* ¶ 38. Pandora also broadcasts some recordings owned by the Sheridans, and in the course of broadcasting these recordings, Plaintiffs allege that they are

2

reproduced "for purposes of archiving, advertising, buffering, [and] streaming." *Id.* ¶ 41. Neither Sirius nor Pandora has licensed pre-1972 recordings from their copyright holders. *Id.* ¶¶ 31, 42.

Plaintiffs' actions before this Court are the most recent in what Defendants refer to as a "national wave of recent cases" asserting state law causes of action for the unlicensed and unauthorized use of pre-1972 sound recordings. ECF No. 17-1 at 1. In 2013, plaintiff Flo & Eddie, Inc., the owner of the master recording for the pre-1972 song "Happy Together" by the rock band the Turtles, filed putative class actions against Sirius in the Central District of California, Southern District of New York, and Southern District of Florida. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5963, ECF No. 1 (C.D. Cal. Aug. 6, 2013); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5784, ECF No. 1 (S.D.N.Y. Aug. 16, 2013); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-23182, ECF No. 1 (S.D. Fla. Sept. 3, 2013). In 2014, Flo & Eddie also filed an action in the Central District of California against Pandora. S*ee Flo & Eddie, Inc. v. Pandora Media, Inc.*, No. 14-cv-7648 (C.D. Cal. Oct. 2, 2014) ("*Flo & Eddie California*"). These actions assert copyright infringement and unjust enrichment claims against the defendants under New York, Florida, and California law, respectively, for broadcasting and reproducing pre-1972 recordings without authorization. *See* ECF No. 8 at 1.

Courts have reached differing conclusions about Flo & Eddie's claims under the laws of these states. The Southern District of New York denied Sirius XM Radio's motion for summary judgment and found, on an issue of first impression, that New York common law provides the owners of pre-1972 recordings with the exclusive right to reproduce and publicly perform their recordings. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 62 F. Supp. 3d 325, 338 (S.D.N.Y. 2014), *appeal pending*, No. 15-1164 (2d Cir.). The Central District of California granted summary judgment against Sirius and denied a motion to dismiss filed by Pandora, finding that a

3

California statute governing pre-1972 recordings provides owners with the exclusive right to publicly perform, but not to reproduce, their recordings. *Flo & Eddie, Inc. v. Pandora Media, Inc.*, 2015 U.S. Dist. LEXIS 70551, at *18- 29 (C.D. Cal. Feb. 23, 2015), *appeal pending*, No. 15-55287 (9th Cir.); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2014 U.S. Dist. LEXIS 139053, at *6-27 (C.D. Cal. Sept. 22, 2014). The Southern District of Florida granted summary judgment for Sirius, holding that Florida common law does *not* provide pre-1972 recording owners with exclusive rights to perform or reproduce their recordings and that the "buffer" copies of recordings used by Sirius to broadcast music do not constitute unlawful reproductions. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 3852692, at *5-6 (S.D. Fla. June 22, 2015), *appeal pending*, No. 15-13100 (11th Cir.). Appeals of these decisions are now pending before the Second, Ninth, and Eleventh Circuits, respectively.

In addition to the two cases before this Court, Plaintiffs have also filed eight related actions in district courts across the country.[1] The Sheridans' actions in the Southern District of New York and Central District of California have been stayed pending resolution of the *Flo & Eddie* appeals. ECF No. 8 at 1-2 (citing *Sheridan v. Sirius XM Radio Inc.*, No. 3:15-cv-04081-VC, ECF No. 32 (N.D. Cal. Oct. 28, 2015); *Sheridan v. Sirius XM Radio, Inc.*, No. 1:15-cv-07056-GHW, ECF No. 33 (S.D.N.Y. Oct. 28, 2015); *Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-06747-GBD, ECF No. 23 (S.D.N.Y. Oct. 13, 2015); ECF No. 23; *Sheridan v. iHeartMedia, Inc.*, No. 2:15-cv-04067-PSG-GJS, ECF No. 41 (C.D. Cal. Oct. 13, 2015)). Defendants filed a motion

---

[1] *See also Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-09229-JJT-MM (N.D. Ill. filed Oct. 19, 2015); *Sheridan v. Sirius XM Radio, Inc.*, No. 1:15-cv-09236-EEB-SC (N.D. Ill. filed Oct. 19, 2015); *Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-00160-LJA (M.D. Ga. filed Sept. 30, 2015); *Sheridan v. Sirius XM Radio, Inc.*, No. 3:15-cv-04081-VC (N.D. Cal. filed Sept. 8, 2015); *Sheridan v. Sirius XM Radio, Inc.*, No. 1:15-cv-07056-GHW (S.D.N.Y. filed Sept. 8, 2015); *Sheridan v. iHeartMedia, Inc.*, No. 1:15-cv-06747-GBD-SN (S.D.N.Y. filed Aug. 25, 2015); *Sheridan v. iHeartMedia, Inc.*, No. 2:15-cv-04067-PSG-GJS (C.D. Cal. filed May 29, 2015).

to dismiss this action on December 29, 2015, *see* ECF Nos. 15, 18, and also moved to stay this action until the resolution of those appeals, *see* ECF Nos. 16, 17.

## STANDARD OF REVIEW

A district court has broad discretion to stay proceedings. *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)). Courts have considered many factors when ruling on motions for a stay, including "(1) whether a stay will simplify issues and promote judicial economy, (2) the balance of harm to the parties, and (3) the length of the requested stay." *Glades Pharm., LLC v. Call, Inc.*, 2005 WL 563726 at *8 (E.D. Pa. Mar. 9, 2005); *see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014); *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541-42 (D.N.J 2008).

## DISCUSSION

This Court will exercise its discretion to stay this matter, because it finds that the requested stay will be of a short duration, will simplify issues, promote judicial economy, and will cause minimal harm to the parties.

**1. Staying this case will simply issues and promote judicial economy.**

As mentioned, the Sheridan Plaintiffs and Defendant iHeartMedia are also involved in related actions in the Southern District of New York and the Central District of California that have been stayed pending resolution of the *Flo & Eddie* actions. Judicial economy weighs in favor of coordinating the schedules of the two cases pending before this Court with each other,

the cases between the parties in other districts, and the *Flo & Eddie* cases involving the same defendants.

Plaintiffs correctly note that the *Flo & Eddie* decisions "will not bind this Court or dispose of Plaintiffs' New Jersey claims" because they involve issues of New York, California, and Florida state law, ECF No. 31 at 1, but a district court may stay a case "to abide the outcome of another which may *substantially affect it* or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1216 (emphasis added); *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864-64 (9th Cir. 1979) (The court's discretionary power to stay a case pending decisions in other proceedings "does not require that the issues in such proceedings are necessarily controlling of the action before the court."). The forthcoming circuit rulings are likely to substantially affect this litigation.

It appears that the question of whether New Jersey common law grants Plaintiffs exclusive rights over the public performances and the appropriation of profits from pre-1972 recordings is one of first impression. Both parties have cited the *Flo & Eddie* district court decisions, including sections interpreting state law, as persuasive authority in their motion to dismiss briefing. *See, e.g.*, ECF No. 15-2 at 14 (citing the holdings in the *Flo & Eddie* cases in New York and Florida that Sirius's "buffer" copies do not constitute actionable infringement under the law of those states); ECF No. 35 at 4 (citing the holdings in the *Flo & Eddie* cases in New York and California to support the statement that "Federal courts . . . have now granted summary judgment to other Plaintiffs on similar claims."). The Second, Ninth, and Eleventh Circuit rulings in the *Flo & Eddie* cases may reverse the holdings that both parties currently advance. These rulings may substantially affect this litigation, weighing in favor of a stay.

Finally, Defendants also note that, in its *Flo & Eddie* decision, the Second Circuit will determine whether the Commerce Clause bars state copyright protection of pre-1972 recordings. ECF 34 at 4-5. Plaintiff notes that Defendants have not raised Commerce Clause arguments in their motions to dismiss. ECF No. 31 at 6. Even so, a potential Second Circuit ruling that state copyright protections of such recordings are prohibited by the Commerce Clause could substantially affect this case, further weighing in favor of a stay.

### 2. The stay will be relatively short and will not prejudice Plaintiffs.

The stay that Defendants have requested will be relatively short. Plaintiffs argue that "[n]o one can predict when the subject appeals might end, what they will hold, whether questions will be certified to state supreme courts, or what other further proceedings might result." ECF No. 31 at 6. Although it is true that the precise date on which the appeals will end is not known, briefing has been completed in all three cases, ECF No. 32 at 1, and the Second Circuit held oral argument in its case on February 2, 2016. *Flo & Eddie,* ECF No. 182 (2d. Cir.). The Eleventh Circuit has also tentatively scheduled oral argument for the week of May 16, 2016. *See Flo & Eddie*, calendar entry Feb. 29, 2016 (11th Cir.). This progress suggests that a stay of this litigation would be in effect for several months at most.

As for the final factor, Plaintiffs have not argued that they would be harmed by a stay. Instead, they assert that the "lack of prejudice to plaintiffs is simply the absence of a factor, not a reason to grant a stay." ECF No. 31 at 6. Although Plaintiffs' assertion is correct, the other factors weigh in favor of Defendants; a stay will be granted.

## CONCLUSION

Defendants' motion for a stay is granted. The Court will stay this action until the release of decisions from the Second, Ninth, and Eleventh Circuit in the *Flo & Eddie* cases currently pending before them. An appropriate order follows.

DATE: 16 March 2016

William H. Walls
Senior United States District Court Judge